OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Steven Shifley appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which affirmed the decision of the Springfield Township Board of Trustees, discharging him from his township fire department job. Appellant assigns a single error to the trial court:
 {¶ 2} "The court of common pleas erred in sustaining the decision of appellees to terminate the employment of appellant and overruling appellant's appeal."
 {¶ 3} The trial court included a factual discussion in its judgment entry of November 14, 2003. Appellant was hired as an employee of Springfield Township Fire Department in 1995, and he had been a volunteer fireman since 1983. Among his duties was the job of checking and calibrating two instruments the fire department used to test air samples for the presence of carbon monoxide, flammable gas, chlorine, and hydrogen sulfide. The instruments are called Lumidor gas detectors, and they are important to public and firefighters' safety because they detect gas leaks. The instruments are calibrated with testing canisters of gases used as standardized samples.
 {¶ 4} In December of 1997, appellant began testing the gas detectors as a verbally assigned duty. He usually did the calibration and testing once each month.
 {¶ 5} On November 5, 2002, appellant's supervisor gave him a written notice of reduction in rank, including a written instruction that one of his continued duties would be the monthly calibration and maintenance of the Lumidor gas detectors. However, about mid-March of 2003, the fire chief discovered appellant had not replaced the canisters of test gases after they reached the manufacturer's expiration date, and appellant had not performed any calibration tests from the time of his reduction in rank in November, 2002, until mid-March of 2003. During that same period, department firefighters had used the Lumidor gas detectors fifteen times to check for carbon monoxide and gas leaks in the township. Appellant was the person who kept records of this usage.
 {¶ 6} As a result, the chief charged appellant with wanton and deliberate neglect of duty for failing to calibrate and maintain the gas detectors. The Springfield Township Trustees held a full hearing on the charges, and terminated appellant's employment.
 {¶ 7} The trial court cited R.C. 733.35, providing a fireman may be removed only if he is guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, or misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness. The trial court cited In Re: Walker
(1970), 171 Ohio St. 177, as authority for the proposition the removal by the legislative authority, if regular in procedure, may not be reversed if the charges were related to or affected the administration of the office and there was credible evidence in support of any one or more of the charges on which the legislative authority caused removal.
 {¶ 8} The trial court found appellant's failure to do the calibration and maintenance of gas detectors was conscious and voluntary. Appellant maintained the gas detector records, and would have been constantly reminded of the maintenance needs. The gas detectors must be absolutely reliable because they are very important life saving equipment for the fire department. The court found failure to maintain them posed a potential threat to the life and safety of firefighters and to the public.
 {¶ 9} The trial court found the township trustees' termination of appellant's employment was regular in procedure and there was credible evidence to support the chief's charges against him. The court concluded it must affirm appellant's removal from his employment.
 {¶ 10} Our standard of review of administrative appeals is quite limited, and unlike the trial court, we may not weigh the evidence. This court reviews the judgment of the trial court only on questions of law, and must affirm the trial court's decision unless as a matter of law it is not supported by the preponderance of reliable, probative, and substantial credible evidence, see Henley v. Youngstown Board of Zoning (2000),90 Ohio St.3d 142.
 {¶ 11} Appellant conceded he did not do all the calibration tests, but urges his failure to do so was not deliberate and purposeful.
 {¶ 12} We have reviewed the record on appeal, and we find it contains sufficient, competent and credible evidence to support the trial court's conclusions. Accordingly, we find the trial court's decision was not contrary to law.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 {¶ 15} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.